IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  CRIMINAL ACTION NO. 5:10-cr-00211

IBRAHIM FAROOQ,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

      Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).

Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on December 12, 2023, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

In the *Memorandum of the United States Relating to Defendant's Eligibility for a Sentence Reduction Pursuant to Part A to Amendment 821 in Appendix C to the United States Sentencing Guidelines* (Document 45), the United States agrees that the Defendant is eligible for a reduction in his Criminal History Category and a corresponding reduction in his Guideline range, from 12 to 18 months to 10 to 16 months. However, the United States notes that the Defendant pled guilty pursuant to a Rule 11(c)(1)(C) binding plea agreement with an agreed sentencing range of 12 to 18 months and urges the Court to hold the Defendant to that range and deny a reduction. In the *Memorandum of Defendant* (Document 47), the Defendant notes that the Supreme Court has held that defendants are still eligible for sentencing reductions following retroactive changes to the Guidelines despite having been sentenced pursuant to binding Rule 11(c)(1)(C) plea agreements. He urges the Court to reduce his sentence to 10 months, the bottom of his new Guideline range.

On August 31, 2011, the Defendant was sentenced to 12 months of imprisonment for possession of a weapon in prison in violation of 18 U.S.C. § 1791(a)(2), consecutive to the 276-month sentence imposed in the Superior Court in Washington, D.C., on September 21, 2007. His total offense level was 11, and he had 3 criminal history points, plus 2 status points for committing the offense while serving a sentence, for a total of 5 criminal history points and a Criminal History Category of III. Following the retroactive amendment to the Guidelines, he would not receive status points, and his 3 criminal history points would place in him Category II. His updated Guideline range would be 10 to 16 months.

The Court has carefully considered whether a reduction is appropriate under the facts of this case. The Defendant has had 14 disciplinary infractions while in BOP custody, between 2009 and 2022, including 6 infractions for possessing a hazardous tool, dangerous weapon, or unauthorized item. He has completed 20 educational courses. The Defendant's disciplinary record is concerning to the Court. His continued inability to comply with institutional rules, particularly his continued infractions for possessing hazardous tools and dangerous weapons since the time of his sentencing in this matter, suggests that public safety could be at risk should he be released early. Repeated infractions similar in nature to the offense of conviction in this matter also reflect a lack of deterrence and a lack of respect for the law. Therefore, considering the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety, the Court finds that a sentencing reduction is not appropriate in this case. The Defendant's 12-month sentence remains well within the updated Guideline range, and the Court finds it remains an appropriate sentence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on August 31, 2011, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: January 22, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA